UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
OSCAR BAIDE FERRERA,                                                    :
                                                                        :     13 Civ. 3055 (PAE)
                                        Plaintiff,                      :
                                                                        :     OPINION & ORDER
                -v-                                                     :
                                                                        :
BRIAN FISHER, et al.,                                                   :
                                                                        :
                                        Defendants.                     :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Oscar Baide Ferrera, an inmate at Sing Sing Correctional Facility who is proceeding *pro se*, alleges that the defendants, current and former employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), were deliberately indifferent to injuries that he sustained in 2002 and 2004 while incarcerated. Defendants move to dismiss, arguing primarily that Ferrera's claims should be dismissed under *res judicata* and as time-barred. For the reasons that follow, the motion to dismiss is granted.

I.      **Background**[1]

    A.      **Factual Allegations**

In September 2002, while Ferrera was incarcerated, he was injured falling down the stairs and while playing soccer. Compl. at 2, 4. In 2002 or 2004, Ferrera was raped by a male inmate.

---

[1] For the purpose of resolving the motion to dismiss, the Court treats the *pro se* plaintiff's Amended Complaint, Dkt. 39 ("Am. Compl.") as incorporating the Complaint, Dkt. 3 ("Compl."), and refers to them together as the "Complaints." The Court assumes all facts pled in the Complaints to be true, drawing all reasonable inferences in the plaintiff's favor. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). When citing the Complaints, the Court refers to the page numbers assigned by the ECF system.

1

*Id.* at 4; Am. Compl. at 2.  These events caused injuries to Ferrera's face, tongue, brain, stomach, throat, and testicles.  Compl. at 4.  Ferrera's sperm function is now "dying for sever[e] lack of oxygen."  *Id.*  The Complaint summarizes: "He force[d] me to have sex with h[i]m, now I have a problem."  *Id.*

The Complaint alleges that defendants have denied Ferrera proper medical treatment for the past 12 years.  *Id.* at 4.  It further alleges that, when Ferrera tried to pursue administrative remedies, he was beaten up.  *Id.*  Separately, it alleges that corrections officers violated the privacy rights of prisoners by putting cameras in their cells and controlling the prisoners with speakers made by Microsoft.  *Id.* at 4–5.

Ferrera represents that he is mentally ill and has been assigned to Sing Sing's psychiatric ward.  *See* Dkt. 64.  In addition to his Complaint and Amended Complaint, Ferrera has sent the Court many letters, in which he has shared his concerns regarding his physical and mental health, conditions of confinement, appetite, sexual function, and his sadness at being imprisoned.  *See* Dkts. 9–20, 22–24, 27–38, 40, 48–50, 52–56, 62–63, 69–72, 74–86.

      **B.**      **The 2006 Lawsuit**

In 2006, Ferrera brought a *pro se* lawsuit under 42 U.S.C. § 1983 against 21 corrections personnel and entities, four of whom are defendants here.  *Ferrera v. Fisher*, No. 06 Civ. 1158 (LTS) (GWG), 2008 WL 4443920 (S.D.N.Y. Sept. 30, 2008), *appeal dismissed*, No. 09-0070-pr (2d Cir. July 16, 2010) ("*Ferrera I*").  He alleged that prison medical personnel had acted with deliberate indifference to his medical needs, some stemming from his fall down the stairs and his soccer injury, and that corrections officers had used excessive force against him.  *Id.*  After cataloguing Ferrera's extensive ailments and course of treatment, Judge Swain granted summary judgment to defendants on Ferrera's deliberate indifference claim, concluding that defendants

were "anything but reckless in their evaluation and treatment of Plaintiff." *Id.* at \*2–\*8, \*13. Judge Swain also held that Ferrera had failed to exhaust the administrative remedies for his excessive force claim. *Id.* at \*15.

### C. The 2012 Lawsuit

In 2012, Ferrera brought a *pro se* lawsuit under § 1983 against six corrections personnel, five of whom are defendants here, alleging that they acted with deliberate indifference to his medical needs arising from his fall in 2002. *Ferrera v. Koinigsman*, No. 12 Civ. 378 (LAP) (S.D.N.Y. filed Jan. 13, 2012), *appeal dismissed*, Nos. 12-3848 and 12-4242 (2d Cir. Jan. 22, 2013), Dkt. 4 ("*Ferrera II*"). On February 15, 2012, Chief Judge Preska *sua sponte* dismissed the Complaint, on the grounds that it raised the same claims as *Ferrera I*, and was therefore barred by *res judicata*. *Id.* at 2. Chief Judge Preska also noted that, if the Complaint was not barred by *res judicata*, it appeared to be outside the statute of limitations. *Id.* at 2 n.1.

### D. The Instant Action

On April 11, 2013, Ferrera brought this *pro se* lawsuit under § 1983 against seven or more corrections personnel. Dkt. 3. The Complaint alleges that defendants behaved with deliberate indifference to Ferrera's medical needs arising from the fall and soccer injury he suffered in 2002 and the rape he suffered in either 2002 or 2004. Compl. at 3–4. It also alleges that defendants used "draconian tactic[s]" and violated Ferrera's rights under the Third Amendment to the United States Constitution. *Id.* For relief, Ferrera requests that the Court grant the appeals in his previous lawsuits; order treatment and surgery; and award damages of $30 to $50 million. *Id.* at 5.

On June 12 and 19, 2013, Ferrera requested pro bono counsel. Dkt. 10, 16. On July 2, 2013, the Court denied those requests without prejudice. Dkt. 20. On July 9, 2013, Ferrera

again requested pro bono counsel. Dkt. 23. On July 12, 2013, the Court denied that request without prejudice. Dkt. 26.

On August 26, 2013, Ferrera filed an Amended Complaint, Dkt. 39, which named two defendants, one of whom appeared to have been named as a defendant in the original Complaint, and another of whom was not. The Amended Complaint's statement of facts mentioned only the alleged rape. Am. Compl. at 2. As noted, the Court here treats the Amended Complaint as also incorporating the broader allegations of the original Complaint.

On October 16, 2013, the defendants who had been served moved to dismiss, Dkt. 58, and filed an accompanying memorandum of law, Dkt. 59 ("Def. Br."). Defendants argued primarily that the Complaints were barred by *res judicata* and were untimely.

On November 1, 2013, Ferrera requested pro bono counsel. Dkt. 64. On November 6, 2013, the Court denied that request without prejudice. Dkt. 65.

On November 14, 2013, Ferrera submitted a letter which discussed the case and his physical and mental health, enclosed decisions from other cases he had filed, and included a short section styled "Amend Complaint." Dkt. 67. This letter was docketed as a Second Amended Complaint. *Id.* On November 18, 2013, the Court issued an Order clarifying that, because it was not sure of Ferrera's intent in sending that letter, it would (1) give him a further opportunity to make any amendments to his complaint or oppose the motion to dismiss, and (2) construe this amended complaint as incorporating the Complaint and the Amended Complaint. Dkt. 68.

On December 2, 3, and 5, Ferrera submitted letters opposing the motion to dismiss. Dkt. 69–71. On January 10, 2014, defendants replied. Dkt. 73 ("Def. Reply Br.").

On February 28, 2014, Ferrera requested the Court's phone number so he could better explain the case. Dkt. 80. He also requested an interpreter and an attorney. *Id.* On March 17, 2014, Ferrera again requested pro bono counsel. Dkt. 85.

## II.     Applicable Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed, where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Accordingly, a district court must accept as true all well-pleaded factual allegations in the complaint, and draw all inferences in the plaintiff's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

District courts are "obligated to construe *pro se* complaint[s] liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Courts may not, however, read into *pro se* submissions claims inconsistent with the *pro se* litigant's allegations, *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005) (citation omitted), or arguments that the submissions themselves do not "suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir.

2006). *Pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

## III. Discussion

### A. *Res Judicata*

Defendants argue that the Complaints should be dismissed under the doctrine of *res judicata* because they raise the same deliberate indifference claims as did *Ferrera I* and *Ferrera II*. Def. Br. 5. The law prevents a person from "relitigate[ing] the same claims simply because he is dissatisfied with the outcome." *Ferrera II* at 3. Here, the Complaints allege deliberate indifference to the injuries Ferrera suffered in 2002 from falling down the stairs and while playing soccer. Those claims were fully litigated in *Ferrera I*, and Ferrera cannot raise them again simply because he disagrees with that outcome.

However, defendants gloss over the fact that the Complaints raise one new claim—that defendants were deliberately indifferent to Ferrera's medical needs resulting from the alleged rape in 2002 or 2004. *See* Compl. at 4; Am. Compl. at 2. This claim was not raised in *Ferrera I* or *Ferrera II*, and is therefore not barred by the judgments in those cases.[2]

---

[2] The Court notes that, although the claim of deliberate indifference to Ferrera's alleged rape was not decided in *Ferrera I* or *Ferrera II*, it might still be barred by *res judicata* if defendants could show that it could have been brought in one of those prior cases. *See Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action'"). Defendants have not, however, attempted to make such a showing. *See* Def. Br. 5 (the Complaint "raise[s] the same medical treatment claims against most of the same parties as in [*Ferrera I*] and [*Ferrera II*]"); *id.* ("this Complaint should be dismissed under . . . the doctrine of *res judicata*, which precludes the litigation of a claim previously decided on the merits by a court in a case involving the same parties"). Because the rape claim is untimely, *see* Part III.B, the Court has no need to determine, *sua sponte*, whether Ferrera's failure to bring the rape claim in *Ferrera I* or *Ferrera II* should prevent him from bringing it here.

### B. Timeliness

The Complaint, however, fails for another reason: It was filed many years too late, well outside the statute of limitations.

A statute of limitations "protects defendants 'by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *Meyer v. Frank*, 550 F.2d 726, 730 (2d Cir. 1977) (quoting *Order of R.R. Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–49 (1944)). It also "protects the courts by relieving 'the burden of trying stale claims when a plaintiff has slept on his rights.'" *Id.* (quoting *Burnett v. New York Central R.R.*, 380 U.S. 424, 428 (1965)).

The statute of limitations applicable to Ferrera's claims is three years. *See Jennis v. Rood*, 310 F. App'x 439, 440 (2d Cir. 2009) ("[T]he statute of limitations for a § 1983 action, arising from events in New York, is New York's three-year limitations period applicable to personal injury actions.") The Complaint was filed on April 11, 2013. Dkt. 3. Therefore, the Complaint was only timely filed as to injuries that accrued since April 11, 2010.

The Complaints allege that Ferrera's underlying injuries occurred in 2002, *see* Compl. at 4, or 2002 and 2004, *see* Am. Compl. at 2. These are the only dates that the Complaints list in response to the question on the complaint form, "What date and approximate time did the events giving rise to your claim(s) occur?" Compl. at 4; Am. Compl. at 2. As of 2013, when Ferrera filed the Complaint, any deliberate indifference claim that accrued approximately around the time of these injuries had long been time-barred.

On a liberal reading of the Complaints, the Court could perhaps infer that defendants did not begin to behave with deliberate indifference to Ferrera's injuries immediately after those injuries were inflicted, and that such indifference instead manifested later, after Ferrera

7

complained to prison personnel of his injuries. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm.") (citation omitted). But the Complaints do not attach a time period to any such alleged lapse, let alone identify lapses that occurred in recent years. Indeed, they do not specify *any* discrete denial of medical care. The Complaints do not supply any non-speculative basis for the Court to infer that defendants' alleged acts of indifference to injuries caused by Ferrera's rape in 2002 or 2004 occurred during the three years prior to the filing of the Complaint. Without concrete factual allegations to this effect, the Court cannot read such claims into Ferrera's complaint. *See Pabon*, 459 F.3d at 248 (courts may not read into *pro se* submissions arguments that the submissions themselves do not suggest).

Nor can the Complaints be read to allege a continuing violation of Ferrera's Eighth Amendment rights. The Amended Complaint does state, albeit in a conclusory and non-specific manner, that the denial of treatment has been continuous. *See* Am. Compl. at 5 ("They ha[ve] denied me proper[ ] medical care for the past 12 years."). But "[t]o assert a continuing violation for statute of limitations purposes, the plaintiff must allege both the existence of an ongoing policy of deliberate indifference to his or her serious medical needs and some non-time-barred acts taken in the furtherance of that policy." *Shomo*, 579 F.3d at 182 (citations omitted). Here, Ferrera has not alleged, save in the conclusory manner identified above, any policy of deliberate indifference to his medical needs, nor any discrete acts taken in furtherance of such a policy, or even relevant to such a policy, within the statute of limitations.

In sum, this lawsuit seeks relief for acts that are alleged to have occurred many years ago, for which Ferrera has either brought and lost two previous suits, *Ferrera 1* and *Ferrera II*, or for which, based on the absence of allegations of actionable misconduct within the statute of

limitations, the time has long past for him to bring suit. Accordingly, the Complaints must be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. Ferrera's pending requests for pro bono counsel are denied as moot and because his case does not "seem[ ] likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). The Clerk of Court is respectfully directed to close this case, and to terminate all pending motions.

The Court appreciates that Ferrera has written it many heartfelt letters, and it does appears likely that, as claimed, Ferrera suffers from significant physical impairments. But the Court is a servant of the law. The Court cannot create or impose remedies that the law does not authorize.

With that said, Ferrera's many letters have made it apparent to the Court that, although efforts have clearly been made to tend to Ferrera's mental health problems, *see Ferrera I*, Ferrera is far from well. Whether Ferrera's various conditions are remediable by medical personnel is beyond this Court's ability to assess. The Court respectfully suggests, however, that a qualified official within DOCCS examine Ferrera's medical records to see if more can be done to tend to his medical needs. The Court asks Corporation Counsel to convey this message to the appropriate DOCCS official.

SO ORDERED.

                                               *Paul A. Engelmayer*
                                               Paul A. Engelmayer
                                               United States District Judge

Dated: April 1, 2014
       New York, New York